## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0477-21 <br> GPD REPORT NO. 21-23366 |
| vs. | **DECISION AND ORDER RE. MOTION TO REDUCE FAMILY VIOLENCE CHARGE TO A MISDEMEANOR** |
| RONALD WAYNE IGNACIO AVELINO, <br> DOB: 11/21/1985 | |
| Defendant. | |

## I. INTRODUCTION

This matter is before the Honorable Maria T. Cenzon on Defendant Ronald Wayne Ignacio Avelino's ("Defendant") Motion to reduce the two counts of the Family Violence (As a 3rd Degree Felony) charge to misdemeanors ("Motion"). Oral arguments on the Motion were heard on September 26, 2023. The Defendant was present with counsel Randall Cunliffe. Assistant Attorney General Leah Diaz-Aguon was present for the People of Guam (the "People"). During the hearing, Defendant requested additional time and opportunity to provide the Court with additional support for his Motion. The Court took the matter under advisement on December 29, 2023, pursuant to Supreme Court of Guam Administrative Rule 06-001 and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order **GRANTING** the Defendant's Motion.

## II. BACKGROUND AND FACTS

On or about September 25, 2021, one of the minor victims, K.T.A. (DOB: 03/24/2006), reported to Guam Police Department ("GPD") that her father, Defendant Avelino, beat her and her brother, K.C.A.T. (DOB: 12/14/2007), with a mop on the night of September 24, 2021 ("Victim" or "Victims"). Magistrate's Compl. Decl., Sep. 27, 2021. During an interview with GPD officers, Victim K.T.A. stated that she allowed two of her friends to come inside the family's home to get out of the rain, while the Defendant was not in the home. *Id.* But upon discovering that K.T.A.'s friends were inside the home, the Defendant became upset and instructed both Victims to face and hold the couch in the living room as their father struck them with a mop. *Id.* K.T.A. also reported that the Defendant had punched K.C.A.T. in the stomach, causing him to fall. *Id.* Officers observed multiple horizontal markings, bruises, and abrasions on the Victims' legs. *Id.*

The Defendant was charged with: (1) AGGRAVATED ASSAULT (As a 3rd Degree Felony); (2) Two Counts of FAMILY VIOLENCE (As a 3rd Degree Felony); and (3) Two Counts of CHILD ABUSE (As a 3rd Degree Felony). Indictment, Oct. 14, 2021.

An order modifying the Defendant's release conditions, allowing for supervised contact with the Victims as authorized by Child Protective Services, was filed on March 16, 2022. The Stay-Away Order was officially lifted on December 18, 2023.

Pursuant to 9 G.C.A. § 30.20(b), the Defendant filed his motion to reduce his family violence felony charge to a misdemeanor on August 11, 2023. The People filed its Opposition to the Defendant's Motion on August 18, 2023, arguing that the Defendant does not qualify for this reduction due to being a repeat offender. The Defendant then filed a Reply to the People's Opposition on August 22, 2023, rebutting the Defendant's repeat offender status and alleging

that the People have included expunged information within their Opposition. The Court will now analyze whether a reduction of the Defendant's Family Violence charge to a misdemeanor is appropriate.

## III. DISCUSSION

Under 9 G.C.A. § 30.20(b), the Court has discretion to determine whether a Family Violence felony charge shall proceed as a misdemeanor upon the Defendant's written motion with notice, given before the commencement of the trial, as long as the charge for Third Degree Family Violence was not brought under 9 G.C.A. § 30.20(a)(3).

9 G.C.A. § 30.20(a) states:

(a) Any person who intentionally, knowingly, or recklessly commits an act of family violence, as defined in § 30.10 of this Chapter, is guilty of a misdemeanor, or of a third degree felony, and shall be sentenced as follows:

(1) for the first offense, the court shall impose a sentence of no less than forty-eight (48) hours imprisonment;
(2) for the second offense, the court shall impose a sentence of no less than thirty (30) days imprisonment; and
(3) for the third offense, the offense shall be classified as a third degree felony and the court shall impose a sentence of no less than one (1) year imprisonment. The person, upon conviction, shall be termed a "repeat offender" and may be subject to extended terms pursuant to § 80.38 of Article 2, Chapter 80 of this Title.

Here, the two counts of the Defendant's Family Violence felony charge were only brought under 9 G.C.A. § 30.20(a) generally, not specifically under subsection (a)(3). Although the charge was not filed under this subsection, the Court has the discretion on whether to proceed with reducing the felony charges to misdemeanors.

### A. The factors under 9 G.C.A. § 30.20(c) weigh in favor of reducing the Defendant's Family Violence charge to a Misdemeanor.

In determining whether to allow a Family Violence charge to proceed as a misdemeanor rather than a felony, the Court must consider the following factors:

§ 30.20(c). Family Violence.

(b) In determining whether a felony charge filed pursuant to this § 30.20, other than a felony charge filed pursuant to § 30.20(a)(3), should be reduced to a misdemeanor, the court shall consider the following factors, among others:

(1) the extent or seriousness of the victim's injuries;
(2) the defendant's history of violence against the same victim whether charged or uncharged;
(3) the use of a gun or other weapon by the defendant;
(4) the defendant's prior criminal history;
(5) the victim's attitude and conduct regarding the incident;
(6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
(7) the defendant's history of and amenability to counseling.

Moreover, in ruling on Defendant's Motion, the Court shall assume all allegations set forth in the Indictment and Magistrate's Complaint and accompanying Declaration as true. The Court will now address each factor in turn.

## 1. The Extent or Seriousness of the Victim's Injuries.

For the first factor, GPD Officers observed that the two Victims K.T.A. and K.C.A.T. had multiple horizontal markings and bruising on the fronts and backs of both thighs, slight abrasions on some of these markings, bruising on her right wrist, and redness on both of her shins. *Magistrate's Compl. Decl.,* Sep. 27, 2021. When the Defendant was interviewed about the incident, he indicated that this "disciplining" occurred in the kitchen area and lasted for *three hours. Id.* K.T.A. demonstrated to GPD officers that, during these three hours, the Defendant had beaten them with the mop. *Id.* K.T.A. also reported that the Defendant continued to beat them, kicking both their shins and saying, "I'll use my forceful leg on you guys" and "I'll break both your legs." *Id.* She reported at one point that he had lifted her chin and stated, "I can kill you." She also reported that the Defendant slapped her so much that her "ears were ringing." *Id.* K.T.A. also reported that the Defendant punched her brother K.C.A.T.

in the stomach, which caused him to fall. *Id.* Moreover, in addition to the physical harm, there is the incalculable injury to the childrens' emotional wellbeing. Therefore, the extent or seriousness of the Victims' injuries weighs **against** granting the Defendant's Motion.

### 2. The Defendant's History of Violence against the Same Victim Whether Charged or Uncharged.

The Defendant has no criminal history of violence against either of the Victims. And there has been no information provided to the Court about any uncharged violence against them. Therefore, the absence of the Defendant's violent history against both Victims weighs **in favor of** granting the Defendant's Motion.

### 3. The Use of a Gun or Other Weapon by the Defendant.

The Defendant used the handle of a mop to strike both of the minor Victims during the . Magistrate's Compl. Decl., Sep. 27, 2021. Although not inherently a deadly weapon, K.T.A. demonstrated to GPD officers that the Defendant had beaten them with a mop handle, using a downward diagonal swing motion that was similar to swinging a bat. *Id.* As a result of the Defendant's use of the mop as a weapon against the minor children, injuries resulted. Therefore, the Defendant's use of a mop handle as a weapon against the minor children *for three hours* weighs **against** the Defendant's Motion.[1]

### 4. The Defendant's Prior Criminal History.

Defendant's criminal history includes CM0488-11. The Defendant's assertion that the People have included expunged information in its Opposition is erroneous. In CM0488-11,

---

[1] See this Court's decision in *People of Guam v. Bryan K. Matheus,* Criminal Case No. CF0281-21, *Decision and Order: Def's Mot. to Reduce Family Violence Charge to a Misdemeanor* at pp. 4-5, fn. 1 (Dec. 9, 2021)("The Court has already determined that, based upon the allegations in the Magistrate's Complaint, an officer observed swelling and bruising under the Victim's eye, swelling on the back of her head and her jaw, and observed the Victim placing ice on her hand. . . . . Thus, while the Court finds that the manner in which the mop and cellphone were used against the Victim in this case does not rise to the level of a "deadly weapon," the Court finds that the

Defendant Avelino pled GUILTY to FAMILY VIOLENCE (As a Misdemeanor)[2] which resulted in a JUDGMENT OF CONVICTION for this crime. *See, Judgment* (March 14, 2012). The victim in CM0488-11 is his co-defendant in this case, Krystal Lyn Aguon Takai. *Plea Agreement* at 2. That case was closed, **not** dismissed and expunged as alleged in his *Reply to Gov't's Opp. to Def. Mot. to Reduce Family Violence Charge to a Misdemeanor Pursuant to 9 GCA Section 30.20(b). See Order for Closure* (Jan. 24, 2013). This Court may, therefore, consider this prior conviction in ruling upon Defendant's Motion.

The Defendant completed counseling in 2012 for CM0488-11; however, nine (9) years later, he is charged with Family Violence (as a Third Degree Felony) upon his minor children, begging the question of effectiveness and resoluteness of his prior treatment, including his current treatment as submitted to the Court under seal for its consideration. *Submission of Documents Under Seal* (Oct. 4, 2023). Despite this prior criminal history, however, Defendant is not *ineligible* for probation, as Section 30.20(h) provides as follows:

> Probation shall not be granted for any person <u>convicted</u> under Subsection (a) of this § 30.20 who previously has been <u>convicted of two (2) or more violations</u> of such Subsection (a) for offenses <u>that occurred within seven (7) years of the most recent conviction.</u>

Thus, although the Defendant's prior criminal history for family violence is concerning to the Court, 9 GCA §30.20(h) does not bar the Defendant from participating in probation due to the single conviction which occurred more than seven (7) years ago. This factor weighs **in favor of** granting Defendant's Motion.

---

mop and cellphone were used as weapons to cause some physical injury to the alleged victim. This factor weighs against granting the motion.")(citing *Davis v. State*, 945 A.2d 1167 (Del. 2008)).

[2] See *Plea Agreement* (Feb. 29, 2012).

### 5. The Victim's Attitude and Conduct Regarding the Incident.

Both minor children Victims have been reunited with the Defendant since 2023. During a Motion Hearing before Magistrate Judge Quan, the Stay-Away Order was lifted without objection from the People, the Victims' Guardian-Ad-Litem, or Child Protective Services, allowing the Defendant and the Victims to have contact. *Ord. Mod. Release Cond.,* Dec. 18, 2023. The Defendant also provided information that he has completed family counseling with the co-defendant and Victims in a related matter in family court. Therefore, the Victims' attitude and conduct regarding the incident weighs **in favor of** the Defendant's Motion.

### 6. The Involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources

There is no indication that the Defendant was under the influence of alcohol or any illegal substance at the time of the incident. Therefore, no evidence of the Defendant being under the influence of alcohol or illegal substances weighs **in favor of** the Defendant's Motion.

### 7. The Defendant's History of and Amenability to Counseling.

The Defendant has stated that he is progressing in counseling for the above-captioned matter. And the Defendant previously completed counseling in his prior case CM0488-11. *Letter from Client Services and Family Counseling Division, Judiciary of Guam* (Aug. 15, 2012). Therefore, the Defendant's history of and amenability to counseling weighs **in favor of** the Defendant's Motion.

Based on the analysis of all seven factors, and most notably the successful reunification of the family and attitude of both children Victims as provided by the Defendant under seal, the Court finds that it is appropriate to **GRANT** Defendant's Motion to reduce both counts of the Defendant's felony charge of Family Violence to misdemeanor Family Violence.

**B. The People of Guam did not violate 9 G.C.A. § 70.440 regarding their reference to the Defendant's prior case.**

Under 9 G.C.A. § 70.440, a person is guilty of a misdemeanor if they permit to be made public or reveals to any person not entitled to review it any official record of the Court, Attorney General, or any other entity of the government of Guam, which has been expunged in accordance with § 271 of the Code of Civil Procedure or Chapter 11 of Title 8 of G.C.A.

The Defendant argues that the People disclosed the Defendant's expunged criminal matter in their Opposition to the Defendant's Motion. Reply to Gov. Opp., Aug. 22, 2023. However, as discussed above, no expungement was included in the Defendant's Plea Agreement in CM0488-11. While the People's reference to Defendant as a "repeat offender" in its Response is inaccurate under 9 GCA §30.20(3) defining a family violence "repeat offender," this characterization does not invoke the criminal provisions of 9 GCA § 70.440. Moreover, under 9 GCA § 30.80 (which is not invoked here, but which is instructive under the entire Family Violence Act statutory scheme), the Court is permitted to consider such deferred pleas as a "prior offense" in the application of minimum sentences (i.e. whether defendant is subject to a felony or misdemeanor sentence). *See,* 9 GCA §30.80 ("Offenses dismissed under this Section and/or under a family violence diversion program shall count as prior offenses in the application of minimum sentences under this Chapter.").

In any event, the Court finds that the People did not reveal any expunged information of the Defendant, but by reference to the People's comments and the statute expunging prior family violence deferred pleas, Defendant himself may have revealed that information in this public record.

//

//

## IV. CONCLUSION

For the reasons set forth herein, the Court hereby **GRANTS** the Defendant's Motion to reduce the two counts of Family Violence (As a 3rd Degree Felony) charge to Family Violence (Misdemeanor).

The Court shall issue trial dates of this matter under separate cover.

SO ORDERED this 28th day of March, 2024.

_____

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam